UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MIXON | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:15CV221-RHW |
| GLORIA PERRY et al | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Mixon, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging constitutionally inadequate medical care relating to his treatment for hepatitis C. Doc. [1] & [11]. The Court conducted a screening hearing on February 25, 2016. Doc. [25]. Defendant Gloria Perry, M.D., the Chief Medical Officer for the Mississippi Department of Corrections, filed a motion for summary judgment. Doc. [37]. Defendants Dr. Ron Woodall, Dr. Charmaine McCleve, and Wexford Health Sources have filed a separate motion for summary judgment. Doc. [43]. Although he did not file a formal response to either motion for summary judgment, Plaintiff has filed an "affidavit" addressing some of the issues and evidence raised in the motions. *See* Doc. [48].

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at

2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

 In his complaint, Plaintiff alleges that he suffers a life-threatening condition (hepatitis C) and that Defendants have refused to prescribe medication to remedy his condition. Doc. [1] at 4. Specifically, he asserts that the FDA has approved for treatment a medication to cure hepatitis C. Doc. [1] at 4; Doc. [25] at 7, 11. He also alleges that he has not received treatment from a medical practitioner with expertise in the treatment of hepatitis C, despite Plaintiff's repeated requests. Doc. [11] at 1. Moreover, he alleges that Defendants are aware that a "curable course of treatment" is available but that Defendants refuse to pursue this course of treatment. *Id.* at 2.

To state a constitutional claim for denial of adequate medical care, a plaintiff must

demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  The Constitution guarantee prisoners "only adequate, *not* optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012)(emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006).  An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999).  Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

     According to the medical records and the affidavit of Dr. Woodall, Plaintiff is being see in the Chronic Care Clinic at the prison and that his condition has been and continues to be monitored.  *See* Doc. [43-3] & [47].  Furthermore, Plaintiff is prescribed Lactulose to treat his condition.  Plaintiff's SGOT and SGPT levels are being monitored.  According to Dr. Woodall, Plaintiff's liver function tests combined with his APRI score indicate that no additional treatment is needed at this time.  Dr. Woodall states that should Plaintiff's condition change, additional treatment will be provided.  Plaintiff concedes that his condition is being monitored on a regular basis and that he has been prescribed Lactulose. Doc. [25] at 8-9; Doc. [48] at 1.  The Court finds that the course of treatment currently provided to Plaintiff does not constitute deliberate indifference. *See Davidson v. Texas Dep't of Criminal Justice*, 91 Fed.Appx. 963 (5th Cir. 2004)(upholding dismissal of prisoner's civil rights action alleging prison officials' refusal to treat

hepatitis with medication); *Harris v. Epps*, 2012 WL 3114555, at *4 (S.D. Miss. July 31, 2012)(rejecting prisoner's claim of constitutionally inadequate medical care for, among other things, his hepatitis C, where the condition was being routinely monitored and treated).

In Plaintiff's affidavit, which the Court construes as a response to the motion for summary judgment, Plaintiff argues that beginning some time in 2013, the symptoms related to hepatitis C have gotten worse. Doc. [48] at 1. He asserts that even though the Lactulose is not helping with his condition, Dr. Woodall and Dr. McCleve continue with the same "ineffective course of treatment." *Id.* at 2. He further asserts that Dr. Woodall's affidavit in support of summary judgment only accounts for his treatment up to March 12, 2012. *Id.* Finally, Plaintiff contends that Defendants have not responded to discovery requests and that the evidence would show that his illness is transmittable and that without treatment it could cause irreparable damage, including death. *Id.*

Contrary to Plaintiff's assertions, Dr. Woodall's affidavit covers treatment up to July 25, 2016, the date of the affidavit. In the affidavit, Dr. Woodall states that Plaintiff continues to be followed at the Chronic Care Clinic and that "*at present* Mr. Mixon's liver function tests do not indicate any need for additional treatment." Doc. [43-3] at 2 (emphasis added). Dr. Woodall further opines that in his professional opinion that "additional testing or treatment is not needed *at this time*." *Id.* (emphasis added). Plaintiff's medical records further contradict his assertions that the summary judgment evidence only covers the period up through March 12, 2012. *See* Doc. [47]. The latest of these records date from January 2016. As late as October 2015, he appeared for an appointment to monitor his hepatitis C, with an appointment scheduled for three months later. Doc. [47] at 541-42.

4

Plaintiff's contention that Defendants did not respond to discovery requests does not alter the Court's opinion regarding summary judgment.  As an initial matter, any request for discovery at this point is untimely.  *See* Local Rule 7(b)(2)(C) & 26(b)(2).  The Court set a discovery deadline of May 2, 2016.  Plaintiff's written discovery requests are dated April 16, 2016.  Doc. [48-2] & [48-3].  Plaintiff did not file the present affidavit complaining about inadequate discovery until August 4, 2016.  Regardless, Defendant has provided Plaintiff with copies of his medical records outlining the course of treatment for his condition.  The only issue before the Court is whether Plaintiff's medical treatment is constitutionally adequate.  Plaintiff's prison medical records are sufficient to answer this question.  The Court finds that, based on the record of medical treatment, Defendants' motions for summary judgment should be granted and Plaintiff's complaint dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the [37] [43] Motions for Summary Judgment are GRANTED and that Plaintiff's complaint is dismissed with prejudice as to all claims and all defendants.

SO ORDERED, this the 12th day of October, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE